UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                               :
ISIS M. JOHNSON                :   Civ. No. 3:19CV01464(SALM)
                               :
v.                             :
                               :
ROLAND COOK, et al.            :   April 5, 2022
                               :
-------------------------------x
```

## ORDER OF DISMISSAL

"If the plaintiff fails to prosecute or to comply with these rules or a court order," her case may be dismissed. Fed. R. Civ. P. 41(b). Plaintiff here has failed to prosecute and has failed to comply with Court orders. Accordingly, as set forth below, this matter is **DISMISSED**.

On September 18, 2019, plaintiff Isis M. Johnson ("plaintiff") filed this action asserting violations of her civil rights pursuant to 42 U.S.C. §1983, as well as a number of state law claims. See generally Doc. #1. On November 22, 2019, plaintiff filed an Amended Complaint. See Doc. #11. The Court reviewed the claims in the Amended Complaint and granted plaintiff leave to file a Second Amended Complaint, on or before September 25, 2020. See Doc. #14. No Second Amended Complaint was filed. Accordingly, on July 1, 2021, the Court reviewed the Amended Complaint fully, pursuant to 28 U.S.C. §1915A, and permitted a number of claims to proceed to service of process.

See Doc. #20. Five defendants waived service of process in July and August 2021. See Docs. ##22-26. On February 22, 2022, this case was transferred to the undersigned. See Doc. #27.

Between October 7, 2020, and June 3, 2021, plaintiff filed five Notices of Change of Address. See Docs. ##15-19. **Nothing further has been filed by plaintiff since that June 3, 2021, change of address, and the Court has had no communication from her.**

On February 28, 2022, the undersigned entered an Order to Show Cause, requiring plaintiff "to show cause why this matter should not be dismissed for failure to prosecute." Doc. #28 at 2. Plaintiff was ordered to respond "on or before **March 28, 2022,** explaining why she has failed to take any action in this matter, and stating whether she wishes to pursue the case." Id. The Order to Show Cause warned plaintiff:

> "[I]t is Plaintiff's duty to take the necessary measures to prosecute [her] action in a timely manner or face dismissal of [her] action." Hiller v. Farmington Police Dep't, No. 3:12CV01139(CSH), 2014 WL 992790, at *4 (D. Conn. Mar. 13, 2014). "The United States 'Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute.'" Id. (quoting West v. City of New York, 130 F.R.D. 522. 424 (S.D.N.Y. 1990)).
>
> Where, as here, "there is a lack of due diligence in the prosecution of the lawsuit by plaintiff[,]" "[d]ismissal is warranted[.]" Id. (citation and quotation marks omitted).
>
> **Plaintiff is advised that failure to file a timely response providing a "satisfactory explanation" for**

>   **plaintiff's failure to prosecute this case will result in "an order of dismissal."** D. Conn. L. Civ. R. 41(a).

Id. at 2-3 (emphases in original).

All Court Orders, including the Order to Show Cause, have bene mailed to plaintiff at her address of record.

> [A] district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citation and quotation marks omitted). The Court has considered all of these factors, and finds that dismissal is appropriate.

(1) Plaintiff has not filed anything regarding this action for over ten months.

(2) Plaintiff was expressly advised in the Order to Show Cause that failure to file a timely and satisfactory response would result in dismissal of the case. See Doc. #28 at 3.

(3) Defendants are prejudiced by the inability to obtain resolution of this matter, due to plaintiff's non-responsiveness.

(4) The Court has carefully considered and weighed

plaintiff's right to be heard. She elects not to exercise that right by declining to participate in this action.

(5) Lesser sanctions would be meaningless, where the sanctioned conduct is complete failure by plaintiff to respond.

Accordingly, the Court finds that plaintiff has failed to prosecute this case and has failed to comply with Court Orders. After careful consideration of the relevant factors, the Court finds dismissal is appropriate. Accordingly, this matter is hereby **DISMISSED, pursuant to Fed. R. Civ. P. 41(b)**. The Clerk shall close this case.

If plaintiff wishes to pursue this action, she may file a motion to reopen, setting forth good cause for her failures to prosecute and to comply with Court orders, and a basis for reopening the case.

It is so ordered at New Haven, Connecticut, this 5th day of April, 2022.

                                        /s/
                                    HON. SARAH A. L. MERRIAM
                                    UNITED STATES DISTRICT JUDGE